Haynes, J.
In this action a petition in error is filed for the purpose of reversing the judgment of the court of common pleas in a case wherein the plaintiff in error was the plaintiff below and the defendant in error was defendant below, and which case was tried to the court and a judgment was rendered upon the finding of the court and the evidence.
The action below was brought upon two causes of action. The first cause of action alleged generally that the Abner L. Backus & Sons Company had, in 1893, on the 13th of June, made a general assignment for the benefit of its creditors, to the defendant, Alexander Backus; and it related that some two months after the assignment had been made, an application had been filed in the probate court of Lucas county, for the discharge of the assignee upon an extended statement that the assignor had settled with all the creditors ' of the company, with the exception of four — which are specified — -and that the costs of administration had been paid, and that thereupon an order was made in which it was ordered by the court that the assignee should be discharged and the property in his hands should be returned to the assignor. It was provided also in that order, it was said, that the assignee should give a bond, with certain conditions; and it alleged that these other creditors which had been mentioned, had never filed any claims, nor had any creditors filed any claims with the assignee from that day up to this, and that he had in his hands at the time this order was made, between $1100 and $1200, received from the sale of property which had been placed in his hands as assignee, and that this property belonged to these assigners and should be repaid to them, and they sue for the repayment of the sum stated, $1125.16, with interest from August 19, 1893.
The second cause of action sets out that certain bonds had been issued by the Union Elevator & Transportation *343 Company, and that these were in the hands of the assignee and now remain — some $4,000 of those bonds — which belonged to the assignors, and that it should have judgment for the amount of those bonds — alleging, I believe, that defendant in error had disposed of them, or had proceeded to or was liable to dispose of them, and that it should have judgment upon those bonds. And this cause of action avers:
“It was further in said order provided that said defendant should give bond in the sum of twenty-five hundred dollars conditioned that if any creditors of plaintiff who had not consented to the vacation of said trust should thereafter present to said defendant their claims for payment, that said defendant would pay such claims. Said bond was so given by defendant, but plaintiff avers that there were in fact no other creditors of plaintiff excepting such ' as consented to the vacation of said trust as aforesaid”, etc.
In the answer, the defendant denies that the order of said probate court provided that said defendant should give a bond conditioned that if any creditors of plaintiff who had not consented to the vacation of said trust should thereafter present to said defendant their claims for payment, that said defendant would pay said claims; it denies that said bond was bo given by defendant,
The case came on for trial before the court of common pleas, as I have said, and upon hearing of the case a judgment was finally rendered in favor of the defendant, and it is to that judgment that the petition in error is prosecuted. It is said, among other things, that the judgment rendered by the court was against the weight of the evidence, and contrary to law. Some other points were made in regard to the rulings upon the evidence, but these are the main questions that are presented before us and which we shall pass upon.
Now, taking these causes of action inversely injtheir order as set forth in the petition, we have to say in regard to the bonds, that it appears, so far as we can understand the evi *344 deuce, that these bonds which are mentioned were a part of certain bonds which were issued by the Union Elevator & Transportation Company — a separate corporation, and which was the owner of an elevator on the other side of the river, but the stock of which company was owned very largely — and perhaps exclusively — by Mr. Backus, Sr., and the members of his family, and they were delivered under an arrangement whereby they were to be used to secure the payment of an indebtedness to the Second National Bank of Toledo — an indebtedness of the A. L. Backus & Sons Company' — which indebtedness amounted to about $92,000, and for which it would seem the bank held certain collaterals in the shape of warehouse receipts for grain of different kinds, with the provision that if any of the bonds should remain at the close or winding up of the affairs with the bank, that they should be turned over and held for the benefit of the parties interested in them, and it is admitted there were remaining at the close of the transaction some $8,000 worth of bonds, and these bonds were, by Mr. Charles F. Adams, the trustee of the bank, in the first instance turned over to Alexander Backus, and he allowed $4,000 of them to be used by Samuel R. Backus, and the remaining $4,000 were turned over to Mr. Edwin Jackson, a brother-in-law, and whose wife was a stockholder in the Elevator Company.
Upon the evidence adduced in regard to this matter, it was found by the court below that there was not sufficient evidence, or no evidence, as I understand it, to show that the plaintiff here — the Abner L. Backus & Sons Company —.was the owner'of these bonds at any time, or was entitled to them; and Jn that conclusion we agree. We are unable to see, from examination of the testimony, that Backus & Company ever^became the owners of these bonds, or ever beeame"entitled to the proceeds of them, except and in so far as they were used for the payment of the indebtedness *345 of the Company to the bank; and it would naturally follow, as we think, if there was any surplus remaining of these bonds, after the execution of the trust, that they would remain for the benefit if those who had originally issued them or placed them in the trust, to-wit, the stockholders of the Elevator Company, and we are therefore of the opinion that the court of common pleas did not err in its decision íd regard to these bonds.
As regards the first cause of action, we come to a different conclusion. The report of the assignee to the probate court was made on the 19th day of August, 1893 — the assignment having been made on the 13th of June and this report having been made on the 19th day of August, which would be about two months after the assignment was made —and in this report he shows that there has been presented to him a large amount in value of claims, and by quite a large number of creditors; that some of the claims amounted to as much as $50,000, and some to $35,000, and so on down, which aggregated quite a large amount of money. He then says:
“Since said assignment has been made,all of the creditors except those hereinafter named have been paid in full, and no liability in their favor is now existing,and as is shown by the vouchers and exhibits hereto attached, they join the assignee in the request to this court that the trust may be vacated, the assignee discharged and he and his sureties released from further liability on account of their prior existing claims. That the following named persons and firms, creditors of said assignor, to-wit”: (And then he names four of them) “have been notified by the assignee that he is ready and able to pay them in full the respective amounts with interest, but they have hitherto failed to present any claim against the assignor or receive or receipt for the payment thereof to the assignee. He further shows that he has paid all costs of expense of administering the trust. Wherefore the undersigned asks that he be discharged from the further duties of his trust”, etc.
*346 Thereupon the probate court made this order, reciting that these creditors had not come; reciting the names of the four creditors who had not come in and filed their claims, and finding that it would be manifestly just and for the interest of the defendant in error — which' would be the assignee here — that he be relieved from the further administration of said' trust, and then it proceeds:
“And the court being now fully advised in the premises, it is hereby ordered: all of the creditors except those as above named, in open court consenting thereto, that said trust be vacated and ths assignee released and discharged from further liabilities by reason of his trust, upon condition, however, that said Alexander Backus file forthwith a new undertaking in the sum of twenty-five hundred dollars, payable to the state of Ohio, for the use of the unpaid creditors of said Abner L. Backus & Sons Company, conditioned that he will, on demand, pay all unliquidated claims of said corporation. And said Alexander Backus having filed said bond, which is hereby approved, he is hereby discharged from said trust as assignee of Abner L, Backus & Sons Company; ordered that he pay the costs, taxed at $--
Now, in regard to the effect of this order, we had the matter before us in the case of State ex rel. Backus v. Millard, Probate Judge (15 C. C. Rep., 460), and we say in that case:
“So far as the bond is concerned, we think the true construction of this order is this: on the application simply to discharge the assignee from his trust, it is shown that all the creditors except four have been paid, and the object and purpose of giving that bond was to secure these four creditors if the bond of the assignee should be cancelled. The language of the order is as follows:
‘That said trust be vacated, and the assignee released and discharged from further liabilities by reason of his trust upon condition, however, that said Alexander Backus file forthwith a new undertaking, etc.’.
“We take it that the assignee was discharged. The intention of the court was to discharge him. The only thing the court was undertaking to do was, if it made a cancella *347 tion of the bond, to secure the creditors who had claims or accounts against the estate; and thereupon the order provides that as a condition of that cancellation a new'bond be given to take the place of the other, The clear effect of that is to discharge the assignee, without reference to the fact whether he gave a bond or not ”
Now it will be noticed that in the petition it is said that the court made an order that he should give a bond to pay the claims of creditors upon presentation. They have denied in the answer that he gave any bond of that kind, or that any order was made. No evidence is offered in court, save and except this journal entry, that any bond was given of any kind; and, if any was given, what the terms of it were, we do not know; nor — I will say — do we consider it very material.
In the case of Garver v. Tisinger, found in 46 Ohio St., at page 56, it is held by the supreme court of Ohio, that it is competent for the creditors and for the assignee and assignor, all agreeing, to consent to the discharge of the assignee at any time and to the closing up of the affairs of the trust. That had been done in a certain case, and an action was sustained for the recovery of an amount of money in the hands of the assignee that he had received in the capacity of his trust, and upon the determination of his trust it was held that it should be returned to the assignor. So, while there is no provision for this settlement made by the statute, yet by the decision of the supreme court of the state, these settlements are favored, and there can be no question in our mind that so far as the creditors who appeared there and consented, and so far as the assignee and assignor were concerned, the trust was closed. Now, in this case, there were four persons who were said to be creditors, who had not then filed any claims. They had been notified by the assignee, as he states in his report, that he was ready to pay them the amount of their claims, but they did not *348 present them,and they have not been presented to the present time, and the averment of the petition is that they never have been presented, and there is no evidence that they have been. This matter was in 1893.
The statute provides — 'Section 6352:
“Creditors shall present their claims within six months after the publication of the notice hereinbefore provided for, unless further time is allowed by the court to the assignee or trustee for allowance, and the assignee or trustee shall endorse his allowance or rejection thereon * *
It appears that this notice or publication was given. There is no denial of that. There has no extension ever been given by the probate court for the parties to file their claims, and they have never, in fact, been presented. It is claimed on the part of the assignee that he retains these $1,100 or $1,200 to meet these claims whenever they shall be presented.
The supreme court, in 41 Ohio St., 295, in Carpenter v. Dick, hold that:
“Under the statute relating to insolvent debtors the creditor of an assignor who Joes not present his claim prior to the payment of a dividend and within six months after publication of the notice of . assignment, may afterwards present his claim and receive a dividend thereon, equal to that paid to other creditors in case there is money or assets remaining in the hands of the assignee sufficient to make such payment. ”
How long this assignee claims that he may hold this money, does not appear by the record. He claims the right still to retain it. We think under the state of facts existing that these creditors were still bound to present their claims within six months, and that if the claims were not presented within six months, they were barred unless the creditors could show that there were assets in the hands of the assignee belonging to the estate; but we see nothing in the action of the probate court which would prevent the *349 assignee from pleading that he had administered upon the estate; that he had paid over the money to the assignor, and that he had no money in his hands under the trust, to be distributed, and we are unable to see any reason why he might not at the expiration of said six months from the giving of the notice have paid over these moneys to the assignor and have plead that forever afterwards as a bar to any action or claim that might be presented by these four creditors. They are not here presenting their claims; it is the assignee himself still saying that he must hold this money for the benefit of these parties. We think that the determination of the trust will bar those claims. We think the right of the assignor is clear to recover this money.
King & Tracy, for Plaintiff in Error.
L. H. Pike, Seney, Johnson & Friedman, for Defendant in Error.
The judgment of the court of common pleas was for the defendant. Under the pleadings in the case, we do not see that we can render a judgment upon the facts stated in the bill of exceptions. The case will be returned to the court of common pleas for a new trial.